**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| 911 NOTIFY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| GET HELP NOW, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff 911 Notify, LLC ("911 Notify") makes the following allegations against Defendant Get Help Now, Inc. ("Defendant"):

## PARTIES

1. 911 Notify, LLC is a Delaware limited liability company with a registered address of 903 S. College Ave., Box 275, Newark, Delaware 19715.

2. On information and belief, Defendant is a California corporation with a principal place of business at 4712 Admiralty Way, #229 Marina Del Rey, CA 90292. Defendant's agent for service of process is at Jeff Miller, 2 Catamaran St. #2, Marina Del Rey, CA 90292.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has done business in this District, has committed and continues to commit acts of patent infringement in this District, and has harmed and continues to harm 911 Notify in

this District, by, among other things, using, selling, offering for sale, and importing infringing

products and services in this District.

5.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b)

because, among other reasons, Defendant is subject to personal jurisdiction in this District, has

committed and continues to commit acts of patent infringement in this District.  On information

and belief, for example, Defendant has used, sold, offered for sale, and imported infringing

products in this District.

**COUNT I**
**(INFRINGEMENT OF U.S. PATENT NO. 6,775,356)**

6.      911 Notify is the owner by assignment of United States Patent No. 6,775,356 to

Angelo Salvucci, Don E. Reich, Kurt E. Warner, and William C. Cook, (the "'356 Patent"),

entitled "Real-Time Incident and Response Information Messaging in a System for the

Automatic Notification that an Emergency Call has Occurred from a Telecommunication

Device."

7.      The application for the '356 Patent was filed on September 27, 2001, and is a

continuation-in-part of United States Patent Application No. 09/712,660, filed on November 30,

2000.  The '356 Patent issued on August 10, 2004.  A true and correct copy of the '356 Patent is

attached as Exhibit A.

8.      Inventors Don Reich and Kurt Warner have over twenty years of experience in

the field of emergency systems, and are named inventors on over a dozen patents covering

emergency, cellular, and medical systems.

9.      The '356 Patent discloses various novel ways to overcome drawbacks in pre-

existing emergency notification systems to ensure timely, informed, and accurate notifications

not only to emergency responders, but other identified parties.  The inventors of the '356 Patent

recognized that "there is a need for an improved system and method of communicating emergency telephone call notices to designated parties that provides real-time information about the incident or emergency that is being reported, automatically, with or without human intervention." ('356 Patent at 4:54-58.)

10.     The '356 Patent teaches a specific and novel emergency notification system.

11.     For example, the claims of the '356 Patent are directed to specific, concrete technological innovations.  In particular, claim 1 of the '356 Patent relates to receiving an alert signal indicating that a call has been placed to an emergency service, collecting real-time data from message content of the call, the real-time data collected within a specific time interval, using the alert signal to fetch a specific subscriber record, activating a message that includes the real-time data, and notifying pre-identified other parties of the emergency and certain real-time data.

12.     The '356 Patent claims a specific solution provided by defined and narrow systems in a specific field, and not a general mathematical formula, algorithm, or mere mental step.

13.     With the '356 Patent, there is no risk of pre-empting an entire field.  The patent itself and prosecution history, for instance, disclose alternative and pre-existing systems that provide notices of an emergency in a manner distinguishable from the claims of the '356 patent.

14.     The '356 Patent is necessarily rooted in telecommunication messaging technology in order to overcome problems specifically arising in telecommunication messaging networks and emergency notification systems.

15.     The '356 patent has been cited by over 40 United States patents as prior art before the United States Patent and Trademark Office.  Companies holding patents that cite the '356

patent include: AT&T, Cingular Wireless, Everbridge, Ford, IBM, Intrado, Medtronic, Samsung Electronics, Sprint Communications, and Telecommunication Systems, Inc.

16.     Defendant has infringed and is still infringing the '356 Patent, in this judicial District and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products and services that embody the patented inventions, and will continue to do so unless enjoined by this Court.

17.     For example, Defendant's infringing products and services include functionality that provides notification to identified parties (*e.g.,* family, friends, neighbors) that an emergency call (*e.g.,* alert) to an emergency service has been made from a subscriber.

18.     Defendant's infringing products and services notify an emergency service provider, and disclose to emergency services real-time data (*e.g.,* GPS location) which is collected between the time of the emergency call and the initiation of a response.

19.     Upon receiving the emergency call, the system fetches a subscriber record, containing indicia corresponding to identified parties from a subscriber database, and activates a message response system that initiates notification of the identified parties, including, for example, emergency services, relatives or neighbors.

20.     The infringing products and services include the products and services that perform the functionality described above, such as (without limitation), *e.g.,* Mobile GPS Medical Alert, and all versions and variations thereof since the issuance of the '356 Patent. *See, e.g.,* http://www.seniorsafety.com/medical-alert-system/mobile-gps/.

21.     Defendant's publicly available documents (as in the image below) disclose that Defendant's accused products and services alert the system when the "mobile GPS button" is pressed, collect information (*e.g.,* "check your location") and notify various parties (*e.g.,* "get the

help that you need"), consistent with the '356 Patent's disclosures regarding receiving an alert

signal and real-time information, and notifying identified parties of such information.

http://www.seniorsafety.com/jeffs-help-blog/frequently-asked-questions/#about-mobile-gps

> **How does mobile GPS work during an emergency?**
> During an emergency, you simply press your mobile GPS button and remain calm. One of our EMD certified operators will speak to you over the button within 20 to 30 seconds, check your location, and get you the help that you need. The operator may ask you for visual cues to help verify your exact location before dispatching your local first responders.

22.     Other publicly available documents (as in the image below) about Defendant's

infringing products and services disclose pressing an emergency button, tracking location, and

contacting family, friends, neighbors, and local first responders. (*Id.*)



Need help? Press your emergency button and remain calm.

Our operators speak to you over the button, track your location, and make sure you get the help that you need.

If necessary, we contact your family, friends, neighbors, and your local first responders.

23.     On information and belief, Defendant had actual knowledge of the '356 Patent at

least as early as filing of the Complaint.

24.     By engaging in the conduct described herein, Defendant has injured 911 Notify

and is thus liable for infringement of the '356 Patent pursuant to 35 U.S.C. § 271.

25.     Defendant has committed these acts of infringement without license or

authorization.

26.     As a result of Defendant's infringement of the '356 Patent, 911 Notify has

suffered monetary damages and is entitled to a money judgment in an amount adequate to

compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

27.     911 Notify has also suffered and will continue to suffer severe and irreparable harm unless this Court enjoins Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '356 Patent.

## PRAYER FOR RELIEF

911 Notify respectfully requests that this Court enter:

A.     A judgment in favor of 911 Notify that Defendant has infringed the '356 Patent;

B.     A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '356 Patent, or such other equitable relief the Court determines is warranted;

C.     A judgment and order requiring Defendant to pay 911 Notify its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '356 Patent as provided under 35 U.S.C. § 284;

D.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to 911 Notify its reasonable attorneys' fees against Defendant;

E.     A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to 911 Notify, including without limitation, pre-judgment and post-judgment interest; and

F.     Any and all other relief to which 911 Notify may be entitled.

## DEMAND FOR JURY TRIAL

911 Notify, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury

of any issues so triable by right.

Dated:  July 7, 2015

Of Counsel:

Benjamin T. Wang
C. Jay Chung
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310/826-7474
bwang@raklaw.com
jchung@raklaw.com

BAYARD, P.A.


*/s/ Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
Sara E. Bussiere (sb5725)
222 Delaware Avenue, Suite 900
PO Box 25130
Wilmington, DE  19899
rkirk@byardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com
(302) 655-5000

*Attorneys for Plaintiff 911 Notify, LLC*